Judgment reversed, new trial ordered, costs to appellant to abide event.

---

JOHN D. MOORE, Respondent, *v.* MONUMENTAL MUTUAL LIFE INSURANCE COMPANY, Appellant.

*Service of a summons — a person who collects the dues of members of a fraternal insurance association is not a managing agent.*

Evidence that a woman residing in Brooklyn, who was the secretary of the Brooklyn branch of a fraternal insurance association, collected the dues of the members of that branch and transmitted them to the principal office of the association at Baltimore, Md., and that after the association had become insolvent and the members thereof had been transferred to the Monumental Mutual Life Insurance Company, which was incorporated under the laws of the State of Maryland and had its principal office and place of business in the city of Baltimore, she collected the premiums due from the members of the Monumental Mutual Life Insurance Company residing in her vicinity and transmitted them to the Baltimore office of that company, is insufficient to establish that she was a managing agent thereof within the meaning of section 432 of the Code of Civil Procedure authorizing the summons in an action against a foreign corporation to be served upon the managing agent thereof.

APPEAL by the defendant, the Monumental Mutual Life Insurance Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of October, 1902, denying the defendant's motion to vacate and set aside the service of the summons in the action.

*Joseph W. Welsh,* for the appellant.

*William Blaikie,* for the respondent.

HATCH, J.:

The defendant is a fraternal insurance corporation, having its principal office and place of business in Baltimore, in the State of Maryland, and is incorporated under the laws of that State. The service of the summons and complaint in this action was claimed to have been effected by delivering a copy thereof to Mary C. Jackey at her residence in the city of Brooklyn in this State. It is not claimed in the moving papers that the person so served is one of the officers of the defendant corporation or that she is a person designated for the purpose of receiving service of the papers, as provided by subdivision 2 of section 432 of the Code of Civil Procedure. She is not the cashier nor a director of the defendant, and it is admitted by the parties that there are no such persons in the State. The whole claim upon which the service is sought to be supported is that Mary C. Jackey is a managing agent of the defendant within the meaning of the Code (§ 432, subd. 3) authorizing service to be made upon her. It appears by the proofs submitted in support of the claim that she is a managing agent that she was secretary of Branch 47 of the Iron Hall Insurance Association, and that such branch was located in the city of Brooklyn ; that the principal office and place of business of the Iron Hall Association was in Baltimore, and Mary C. Jackey, as such secretary, received all the dues from the members of Branch 47 and transmitted them to the principal office at Baltimore; that the Iron Hall Association having become insolvent all the members were transferred to the defendant company ; that Mary C. Jackey after such transfer continued to receive and has for several years been receiving the dues from members residing in her vicinity and transmitting them to the defendant company at Baltimore, Md. The affidavits state generally that the said Jackey transacts the business of the defendant and collects the premiums from the members, and that the several deponents know of their own knowledge that she has devoted herself solely as an agent of the defendant for the transaction of its business for a period of about twelve years, and that she is the agent and representative of the defendant. Only a single fact is stated, viz., that Mary C. Jackey collects premiums from the members and transfers them to the home office. Every other statement relating to her connection with the defendant, as agent or otherwise, is a mere conclu-

sion. It is said that she transacts the business of the defendant corporation in Brooklyn. What she does in that connection is not averred, beyond the collection of premiums, and no fact is stated by which it is made to appear that she does any other business for the defendant. The statement that she is the agent of it is a mere conclusion, and adds nothing in support of the claim that she is a managing agent. The case, therefore, comes to rest upon the proof as to her being a managing agent, so far as the plaintiff's affidavits are concerned, to the collection and remittance of the premiums collected. Such fact is not sufficient to establish a managing agency. It only shows that she is agent for this limited purpose, and such proof is not sufficient to bring her within the terms of the Code as a managing agent upon whom service may be made. ( *Vitolo* v. *Bee Pub. Co.*, 66 App. Div. 582.)

In addition to this, it appears by the affidavits submitted in opposition to the motion that Mary C. Jackey does not act as the agent of the defendant in the collection and remittance of the dues of the members located in Brooklyn; but that in so doing she acts as agent for the members paying the dues. The president of the defendant states positively in his affidavit that she is not an officer, director, cashier, agent or employee of the defendant. Under the proof as it appears, eliminating the conclusions contained in plaintiff's affidavits, it is quite as consistent with the fact that she collects the moneys as agent of the persons paying the moneys and remits it to the defendant, as that she performs such service as the representative of the defendant. Clearly, therefore, the proof is insufficient to establish a managing agent upon whom the Code authorized service to be made. So far as the affidavits show, the transaction of business by other persons, whether sufficient or not to establish them as managing agents, cannot have any force in support of the service which has been attempted to be made. No service has been made upon such persons, and manifestly the unauthorized service of a summons and complaint cannot be sustained by showing that there is a representative of the defendant upon whom proper service could have been made, but was not. It is clear, therefore, that the proof of service in this case is insufficient, and the motion to set it aside should have been granted.

Other questions were raised, but it is not essential to a disposition of the present *motion that they be considered.*

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion to set aside the service granted, with ten dollars costs.

Van Brunt, P. J., O'Brien, Ingraham and McLaughlin, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.