(87 App. Div. 233.)

### FONTANA v. POST PRINTING & PUBLISHING CO.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. FOREIGN CORPORATIONS—PROCESS—SERVICE—MANAGING AGENT.
    An agent of a foreign newspaper corporation, employed only to solicit advertising, and only authorized to contract in the corporation's behalf with relation to advertising, was not a managing agent of the corporation on whom summons might be served, under Code Civ. Proc. § 432, authorizing service on a cashier, director, or managing agent of a foreign corporation within the state.

2. SAME—PROPERTY WITHIN STATE.
    Code Civ. Proc. § 432, subd. 3, authorizes personal service of a summons on a foreign corporation by delivery of a copy within the state to the cashier, a director, or a managing agent within the state, if no person has been designated by the corporation to receive service, or the president, treasurer, or secretary cannot be found within the state, and the corporation has property within the state, or the cause of action arose therein. _Held_, that under such section a service could not be made on an alleged managing agent of a corporation where it had no property within the state.

Appeal from Special Term, New York County.

Action by Alfredo G. Fontana against the Post Printing & Publishing Company. From an order denying defendant's motion to set aside the summons and complaint, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Louis W. Stotesbury, for appellant.

Henry Hardwicke, for respondent.

PATTERSON, J. The defendant is a corporation organized under the laws of the state of Pennsylvania, and the plaintiff brought this action against it to recover damages for an alleged libel contained in a newspaper published by it in the city of Pittsburgh, Pa. Service of the summons was attempted to be made in accordance with the provisions of section 432 of the Code of Civil Procedure, relating to service upon a cashier, director, or a managing agent of a foreign corporation within the state. The summons was delivered to one

¶ 1. See Corporations, vol. 12, Cent. Dig. § 2611.

Eiker, who was in the employment of the defendant, in the city of New York, and whose business it was to secure advertising for newspapers, and who swears that his relation to that corporation was that of an employé at a weekly salary, to solicit advertisements for publication in the defendant's newspaper. The defendant had not designated any one to receive service of process, and the plaintiff was unable to find the president, treasurer, or secretary of the defendant, or other officer performing corresponding duties, in this state. The defendant specially appeared and moved to set aside the service; the ground of the motion being, as would appear from the papers, that Eiker was not a cashier or director or managing agent of the corporation within the state. The court below denied the motion, upon the supposed binding authority of Palmer v. Chicago Evening Post Co., 85 Hun, 403, 32 N. Y. Supp. 992.

The person upon whom the service of the summons was made in the case before us did not stand to the defendant corporation in the relation of general manager, within the meaning of the section of the Code relating to the subject. Eiker was a solicitor of advertisements. It is true that there appears in the affidavit of Brewer, read in opposition to the motion to set aside the service of the summons, what purports to be a letter written by the president of the defendant to a third party, in which is contained the statement, "Mr. Eiker has full power to make contracts for us;" but that statement must be read in connection with other parts of the letter, which indicate that its subject-matter related to advertising, and not to any general authority conferred upon Eiker. We may take it for granted that Eiker had authority to make binding contracts for advertising in the defendant's newspaper, and to that extent that he was a representative, but he was only a representative for that specific purpose. That did not constitute him a managing agent, within the meaning of section 432 of the Code of Civil Procedure, as was held in Vitolo v. Bee Pub. Co., 66 App. Div. 582, 73 N. Y. Supp. 273. That case is controlling here.

The service of the summons should also have been vacated because such service can only be made upon a managing agent of a corporation within this state where "the corporation has property within this state, or the cause of action arose therein," neither of which facts appears upon the face of the papers in this case.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to set aside the service of the summons granted, with $10 costs.

VAN BRUNT, P. J., and O'BRIEN and HATCH, JJ., concur.

INGRAHAM, J. I concur in the result of Mr. Justice PATTERSON'S opinion, upon the ground that as it appears that the cause of action did not arise within this state, and that there is no property of the defendant within this state, the service of the summons and complaint upon the managing agent of a foreign corporation is not authorized by subdivision 3 of section 432 of the Code of Civil Procedure. The service of a summons upon a managing agent of a corporation within this state is only authorized where "the corporation

has property within this state, or the cause of action arose therein." I do not concur in the statement that the person served was not a managing agent, within this provision of the Code.