IRONS v. SIMEON L. & GEORGE H. ROGERS.

(Circuit Court, S. D. New York April 23, 1908.)

CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—LIABILITY TO SUIT—DOING BUSINESS IN STATE.

A manufacturing corporation of another state, which maintains a selling agent in New York, with authority to make binding contracts for the sale of its goods, merely sending to it directions where to ship, is doing business in New York, and is subject to suit in that state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

What constitutes doing business in state, see notes to Wagner v. J. & G. Meakin, 33 C. C. A. 585; Ammons v. Brunswick-Balke Collender Co., 72 C. C. A. 622.]

On Motion to Set Aside Service of Summons.

Sebring & Cheney (Wingate & Cullen, of counsel), for plaintiff.

Ritch, Woodford, Bovee & Butcher, for defendants.

LACOMBE, Circuit Judge. I do not understand that the New York representative merely transmits offers to buy goods to the Connecticut

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

factory, where the defendant decides whether it will accept or reject them, but that such representative makes binding contracts with purchasers, and sends to Connecticut merely directions where to ship the goods. If this be so, the case is similar to Cone v. Tuscaloosa Mfg. Co. (C. C.) 76 Fed. 891, and the motion must be denied. If defendant believes it can show that the agent is a mere solicitor, who has no power to contract, and will pay the expenses of a hearing before a master to establish that fact, an order of reference will be made.