(159 App. Div. 418.)

### BECK v. NORTH PACKING & PROVISION CO.

(Supreme Court, Appellate Division, First Department. December 5, 1913.)

CORPORATIONS (§ 668*)—FOREIGN CORPORATION—SERVICE—"MANAGING AGENT."

Defendant, a Maine corporation doing business in Massachusetts, had no property in New York, but employed S., a member of the Produce Exchange, to represent it as sales agent. He was required to obtain orders and transmit them to defendant, having no discretion as to prices, all of which were fixed and communicated to him in advance, nor had he any authority to accept an order. He occasionally purchased goods for defendant on the floor of the Exchange, pursuant to a specific order, and acted in a similar capacity for various other companies, maintaining an office, the expense of which was borne in part by defendant. *Held*, that S. was not a "managing agent" of defendant on whom process might be served in New York, under Code Civ. Proc. § 432, so as to subject the corporation to the jurisdiction of the New York courts.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. § 668.*

For other definitions, see Words and Phrases, vol. 5, pp. 4320–4323.]

Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Fritz Beck against the North Packing & Provision Company. From an order denying defendant's motion to set aside a summons, it appeals. Reversed. Motion granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Dana T. Ackerly, of New York City, for appellant.
Carl S. Flanders, of New York City, for respondent.

McLAUGHLIN, J. Appeal from an order denying a motion to set aside the service of a summons. The defendant was incorporated under the statutes of the state of Maine, and maintains an office for the transaction of business in Massachusetts. It owns no property in the state of New York. None of its officers, directors, or any person having any connection with the company lives in this state, except one Snow, to whom the summons was delivered. It is claimed that the service is valid because Snow is a "managing agent" within the meaning of section 432 of the Code of Civil Procedure. The defendant's business, in part at least, is dealing in provisions. Snow is a member of the New York Produce Exchange, and represents defendant as sales agent, in so far as it has one in the city of New York. His duties consist in obtaining orders and transmitting the same to defendant. He has no discretion as to prices, all of which are fixed and communicated to him in advance of an order taken. He has no authority to accept an order. All he can do is to obtain one and then send it to plaintiff's Massachusetts office for acceptance. If accepted, that office makes the shipment direct to the customer, from whom it receives payment. Snow occasionally purchases goods for the defendant on the floor of the Exchange, but in each case only under a specific order. He acts in a similar capacity for various other companies, and maintains an office, consisting of a portion of one room in the Produce Exchange Building, the expense of which is borne, in part, by the defendant. The latter's name appears in the telephone and general directories, but its telephone number and address are not alleged to be the same as Snow's. Upon the foregoing facts it seems to me clear that Snow is not a managing agent of the defendant, in the sense in which those words are used in the section of the Code referred to. His duties are of the most specific character, and he is not intrusted with any discretion whatever. He does simply what he is told to do by the defendant, and nothing else.

The Court of Appeals, in Taylor v. Granite S. P. Ass'n, 136 N. Y. 343, 32 N. E. 992, 32 Am. St. Rep. 749, laid down the rule to be applied in determining whether or not a person were a managing agent. In doing so it said:

"A managing agent must be some person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it."

It has been held that the words "managing agent" do not include an assistant superintendent of a corporation who has no general supervision over its affairs, and whose duties are substantially those of a foreman (Kramer v. Buffalo Union Furnace Co., 132 App. Div. 415, 116 N. Y. Supp. 1101); an advertising solicitor whom defendant had

stated to have "full power to make contracts for us" (Fontana v. Post Printing & Publishing Co., 87 App. Div. 233, 84 N. Y. Supp. 308); a person who collected dues for a mutual benefit association and transmitted them to the home office, outside the state (Moore v. Monumental Mut. Life Ins. Co., 77 App. Div. 209, 78 N. Y. Supp. 1009); nor a person authorized to make contracts for advertisements in a newspaper published outside the state (Vitolo v. Bee Pub. Co., 66 App. Div. 582, 73 N. Y. Supp. 273).

It is urged that since defendant has actually received from Snow information of the service, the same has fulfilled its purpose and should be deemed valid. But the validity of the service does not depend upon what is done with the summons after the service is made. If Snow were a managing agent, then the service upon him would have bound the defendant, even though he failed to notify it. The statute prescribes the method by which jurisdiction of a foreign corporation can be obtained, and unless that method be followed the court acquires no jurisdiction. Defendant's knowledge of the attempt made to acquire jurisdiction in no way affects the matter. Kramer v. Buffalo Union Furnace Co., supra; Eisenhofer v. New Yorker Zeitung Pub. Co., 91 App. Div. 94, 86 N. Y. Supp. 438; Winslow v. Staten Island R. T. Co., 51 Hun, 298, 4 N. Y. Supp. 169.

Snow was not a managing agent of the defendant, and for that reason the motion to set aside the service upon him should have been granted.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted with $10 costs.

LAUGHLIN, CLARKE, and SCOTT, JJ., concur.

INGRAHAM, P. J. (dissenting). The defendant, a foreign corporation, transacts business in this state through its agent, one Snow, a member of the Produce Exchange. It buys and sells property here subject to confirmation at its home office, and Snow was its general agent for the making of such purchases and sales. The defendant corporation is in the telephone directory, business directory, and the general directory for the city of New York, and Snow is described as its manager. The defendant has no other officer or agent within this state, and I think for the protection of the citizens of this state doing business with this corporation Snow must be regarded as a managing agent within the meaning of section 432 of the Code of Civil Procedure. Tuchband v. C. & A. R. Co., 115 N. Y. 437, 22 N. E. 360.

I, therefore, think the order should be affirmed.