## FRANCO–AMERICAN CHEMICAL CO. v. McKEE GLASS CO.

(District Court, S. D. New York. April 10, 1916.)

CORPORATIONS ⬦668(5) — FOREIGN CORPORATIONS — PROCESS — "MANAGING AGENT."

The agent of a foreign corporation, who had a New York office where he received orders, which he transmitted to the corporation, but who had no authority to close any contracts, was not a "managing agent," within Code Civ. Proc. N. Y. § 432, on whom process could be served.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2611; Dec. Dig. ⬦668(5).

For other definitions, see Words and Phrases, First and Second Series, Managing Agent.]

At Law. Action by the Franco-American Chemical Company against the McKee Glass Company, which was removed to the federal court. On defendant's motion to set aside the service of the summons. Service of summons quashed.

Motion to set aside the service of a summons in a removed case upon a Pennsylvania corporation, making glassware and sending it in part to sell in New York. The New York orders were procured by one Jones, who could close no contracts, but who had an office here, the rent being paid by the defendant, and who advised customers when the goods arrived. The cause was sent to a master, on whose report the cause came on for disposition. The facts appear more fully in his report. He reported against the jurisdiction.

Sherman & Sterling, of New York City, for plaintiff.
Saul Gordon, of New York City, for defendant.

LEARNED HAND, District Judge. I think that Jones was not a "managing agent" under the New York decisions. Some doubtful cases occur when the agent has the power to close contracts. Fontana v. Post Printing & Pub. Co., 87 App. Div. 234, 84 N. Y. Supp. 308, is such a case, and the court thought that even the power to close advertising contracts was not enough; to the same effect is Vitolo v. Bee Publishing Co., 66 App. Div. 582, 73 N. Y. Supp. 273. Palmer v. Chicago Evening Post, 85 Hun, 403, 32 N. Y. Supp. 992, must be considered overruled by these cases. In Beck v. North Packing & Provision Co., 159 App. Div. 418, 144 N. Y. Supp. 602, Snow had no power to close contracts and the case was clearer, though there was a dissent. I can find no case holding that where the agent has no power to close a contract he has that superior position which the New York Code of Civil Procedure, § 432, means by "managing agent," as construed by the language used in Taylor v. G. P. Ass'n, 136 N. Y. 343, 32 N. E. 992, 32 Am. St. Rep. 749, and Coler v. Pittsburgh Bridge

Co., 146 N. Y. 281, 40 N. E. 779. In this aspect the question is not unlike the question which generally arises in a federal court, and which is whether the corporation is "doing business" within the state, and so subject to local process. Generally that question also turns upon whether it has an agent with power to close contracts locally (Irons v. S. L. & G. H. Rogers [C. C.] 166 Fed. 781); but the case at bar does not present it, at least not until the service of process be made as required by the Code.

Jones had no power to do anything but receive and transmit orders, and notify customers. Calling him a "representative" means nothing; his settlement of small matters he was willing to guarantee personally shows the limits rather than the extent of his authority. The learned master was clearly right in finding that he was not a "managing agent," and his report will be confirmed, with costs.

Report confirmed; service of process quashed.