## RAKAUSKAS v. ERIE R. CO.

(District Court, E. D. New York. November 29, 1916.)

1. COURTS ⬤⇒266—FEDERAL COURTS—JURISDICTION.

A federal court for one district has no jurisdiction to go·beyond the territorial limits of its district in order to act in a suit against a party not a resident of the district, unless jurisdiction has been extended thereto by acts of Congress.

[Ed. Note.—For other cases, see·Courts, Cent. Dig. §§ 806–808; Dec. Dig. ⬤⇒266.]

2. COURTS ⬤⇒344—FEDERAL COURTS—PROCESS—SERVICE.

Service of process in an action at law in the federal District Court is not necessarily restricted to the United States Marshal and his deputies unless the process is directed to them.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. ·⬤⇒344.]

3. COURTS ⬤⇒344—FEDERAL COURTS—PROCESS—SERVICE.

Where a foreign corporation files a certificate within a state and designates an agent, the corporation does not thus become an actual resident of a federal district, within the state, wherein it has no place of business, and service of summons on the agent in another district does not confer jurisdiction upon the District Court of the former district.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. ⬤⇒344.]

4. COURTS ⬤⇒274—FEDERAL COURTS—JURISDICTION OF FOREIGN CORPORATION —SERVICE OF PROCESS.

A domestic corporation may be sued in the federal courts by an alien in any district where it can be served and where it is doing business, if it does not properly raise the objection against being sued elsewhere than in the district of its residence; the case not being one depending on diversity of citizenship alone.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. ⬤⇒274.]

5. COURTS ⬤⇒276—FEDERAL COURTS—JURISDICTION OF FOREIGN CORPORATION —WAIVER.

Where a foreign corporation is sued in a federal court of a district of which it is not a resident, objection to the jurisdiction may be waived.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. ⬤⇒276.]

6. CORPORATIONS ⬤⇒665(2)—PROCESS—SERVICE—WAIVER OF DEFECTS.

To bring a foreign corporation within the jurisdiction of the courts of a state, strict compliance with the local statutes under which the courts gain jurisdiction over the cause is necessary.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2571, 2598; Dec. Dig. ⬤⇒665(2).]

7. COURTS ⬤⇒344—FEDERAL COURTS—JURISDICTION.

In an action in the federal District Court for the Eastern District of New York by an alien against a domestic corporation, not a resident of the district, service of process was made upon a ticket agent of the corporation in charge of the office within the district. Code Civ. Proc. N. Y. § 432, declares that in an action against a foreign corporation process may be served upon a cashier or managing agent or director. *Held*, that while strict compliance with the statute is necessary to give jurisdiction of an action in the state courts against a foreign corporation, and while the section governs "so far as may be," the corporation being foreign as to the court for the Eastern district, nevertheless, the agent

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

must be deemed such an officer that service upon him was not void, but was sufficient to give jurisdiction where there was a waiver of objections to the jurisdiction of the court over the person of the corporation.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. ☞344.]

At Law. Action by Konstant Rakauskas against the Erie Railroad Company. On motion to declare void an attempted service of summons. Motion denied.

Baltrus S. Yankaus, of New York City, for plaintiff.
Stetson, Jennings & Russell, of New York City, for defendant.

CHATFIELD, District Judge. [1] The motion to declare void an attempted service of summons in the Southern district of New York should be granted, on the ground that this court has no jurisdiction to go beyond the territorial limits of the district, to administer justice in an alleged cause of action against a party who is not a resident of the district, unless jurisdiction has been extended thereto by the authority of Congress. Sewchulis v. Lehigh Valley Coal Co., 233 Fed. 422, —— C. C. A. ——.

[2] As was held in the case of U. S. v. Mitchell (D. C.) 223 Fed. 805, service of process in an action at law is not necessarily restricted to the United States Marshal and his deputies, unless the process is directed to them. In admiralty and in equity, the contrary is true. To apply the provisions of the state law so as to bring an individual residing in another district (even though he be a citizen of the state of New York) into this district for the purpose of defending an action is certainly to extend the jurisdiction of this court over the hearing of issues.

[3] When the defendant is a corporation, however, with a designated agent and certificate filed, so that the authority of the agent and of the company under the certificate is coextensive with the boundaries of the state, the plaintiff in the present action contends that the foreign corporation is thus made an actual resident of the Eastern district, and that the process of the court should be allowed to extend throughout the state (unless the United States Marshal be compelled to step outside of his district in order to make the service) if the process is actually served in accordance with the laws of the state of New York.

But this contention was expressly overruled in the Sewchulis Case, supra, and, although no distinction was drawn between the individual as defendant and a corporation as defendant, the result would seem to be the same. Galveston, etc., Railway v. Gonzales, 151 U. S. 496, at page 506, 14 Sup. Ct. 401, 38 L. Ed. 248.

[4] Assuming therefore that the service in the Southern district of New York was ineffectual, we must consider the second part of the motion. The plaintiff has served within the Eastern district of New York, upon allegations charging that the corporation is a resident of the state, actually doing business within the Eastern district, the ticket agent in charge of the branch office for the sale of tickets, etc., in Brooklyn, and also a ticket agent at another office for the sale of tickets in a different part of Brooklyn.

Assuming that the defendant is a domestic corporation, it may be sued in the United States court by an alien, in any district where it can be served and where it is doing business in the sense of having an established office for the transaction of its regular business, if it does not raise properly the objection against being sued elsewhere than in the district of its residence. It is not a case dependent upon diversity of citizenship alone. Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264.

[5] If such foreign corporation is brought into a district where it is not a citizen—that is, other than the district where its main office is located and where the corporation was organized—objection to the bringing of the action in that other district may be waived, and the United States courts generally have jurisdiction over the action if the objection to jurisdiction over the person is waived. Male v. Atchison, etc., Ry., 240 U. S. at page 101, 36 Sup. Ct. 351, 60 L. Ed. 544.

[6, 7] The laws of New York are applicable so far as may be. In general, the provisions of section 432 of the Code of Civil Procedure, providing that in the case of a foreign corporation process may be served upon a cashier, or managing agent or director, control except in so far as the acts of Congress or the decisions of the United States courts establish the manner of service. While the defendant is a domestic corporation in New York, it is a foreign corporation to the United States court in this district.

To bring a foreign corporation within the jurisdiction of the courts of the state of New York, strict compliance with the statute is necessary, as the court has no jurisdiction other than that bestowed by the statute.

In the case of a suit against a foreign corporation in the United States court, by an alien, jurisdiction is present in the court over the cause of action if jurisdiction over the person is obtained. Strictness of compliance with the state statute should be exacted only to the point of properly securing the appearance of the person to defend the cause of action. Under such circumstances, a waiver of objection to being brought into that particular district for the trial of the suit is a very different matter from creating by consent jurisdiction in the court over a cause of action with which otherwise the court would have nothing to do. So in the present case, if jurisdiction over the cause of action as well as the person of the defendant were dependent upon the general or unlimited authority of the managing agent, there would be reason for holding that a ticket agent, in charge of an office for the casual transaction of railroad business, was not a director or managing agent in the usual sense of that term. But as was held in St. Louis S. W. Ry. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77, the conduct of business is such as to warrant "the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served and in which it is bound to appear when a proper agent has been served with process."

237 F.—32

' If the person in charge of the business office is a ticket agent, service of process upon him would seem to be sufficient to notify the corporation so that it could consider a possible waiver of objection to going into that district to defend the particular action.

As was said in Beck v. North Packing Co., 159 App. Div. 418, 144 N. Y. Supp. 602, the mere fact that the corporation received the paper does not show that the service was sufficient; but, where a waiver of appearance may be sufficient to support jurisdiction, proof of the receipt of the paper and action thereon, in a case in which the United States court has jurisdiction if the parties do not exercise their right to object, presents a question which was not under consideration in the Beck Case.

It is evident from the foregoing discussion that this service was valid, and the motion as to service upon the two agents must be denied.