## DUNGAN, HOOD & CO., Inc., v. C. F. BALLY, Limited.

(District Court, E. D. Pennsylvania.   February 17, 1921.)

No. 7694.

Corporations ☞642(4½)—Foreign corporation held to be "doing business" in state by an agent, subjecting it to suit in federal court, so that service on agent was good.

Defendant, a Swiss corporation, manufacturing boots and shoes in Switzerland and France, made a contract for the purchase of leather from plaintiff, a dealer in Pennsylvania, delivery to be made f. o. b. cars Philadelphia. A director of defendant came to Philadelphia as a witness in a suit by defendant there pending, and while there, under authority from defendant, in failing to adjust a controversy with plaintiff, refused on behalf of defendant to accept further deliveries under the contract. He also transacted business with other dealers, and while there was served with summons in an action by plaintiff against defendant on the contract. *Held*, that his acts constituted a doing of business by defendant in the state, which subjected it to the suit in the federal court in that jurisdiction, and that the service was good.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

At Law.   Action by Dungan, Hood & Co., Incorporated, against C. F. Bally, Limited.   On rule to quash writ and set aside service.   Rule discharged.

Conlen, Brinton & Acker, of Philadelphia, Pa., for plaintiff.
John Cadwalader, Jr., of Philadelphia, Pa., for defendant.

THOMPSON, District Judge.   The defendant is a corporation organized under the laws of Switzerland, and engaged in Switzerland and France in the manufacture of boots and shoes.   The plaintiff is a corporation of Pennsylvania, engaged in the manufacture of leather.   In 1919 the plaintiff accepted an order from the defendant for the sale of 3,000 skins.   Part of the leather under this contract had been delivered and paid for at the time of the service of the writ in this case, but there was a controversy between the parties as to the quantity of the merchandise delivered.

During November, 1920, Ernest O. Bally, a director of the defendant corporation, came to Philadelphia as a witness for his company in a suit brought by it against the Quaker City Corporation, pending in this court.   While present in Philadelphia, an arrangement was made through correspondence between the New York office of C. F. Bally, Limited, and Dungan, Hood & Co., for the purpose of an interview between Mr. Bally and the officers of Dungan, Hood & Co., to attempt to settle the controversy over the contract.   Mr. Bally went to the office of the plaintiffs; the dispute between the parties was discussed; no agreement was reached, and Mr. Bally thereupon, having authority to do so, declined on behalf of the defendant to accept any further shipments.   Thereafter a writ was issued and served upon Mr. Bally as a director of the defendant corporation.   It appears that C. F. Bally,

Limited, bought the leather from Dungan, Hood & Co. through an order given and accepted by mail, and that it was sold f. o. b. cars Philadelphia.

While Mr. Bally was in Philadelphia, he also called upon the Surpass Leather Company and examined certain skins at that company's premises with the view of making an arrangement whereby leather which had been sold and delivered to C. F. Bally, Limited, should be taken back and another kind of leather substituted. While in Philadelphia, he also called at the office of John B. Evans and Co., leather dealers, for the purpose of getting one of the firm to testify in the case pending in this court as to prices at a prior date. While at the Evans premises, Mr. Bally examined leather and obtained prices on the same, and it was while there he was served with the writ of summons.

The question raised by the rule is whether the defendant, C. F. Bally, Limited, in view of these facts, was engaged in business within the district, so as to bring it within the jurisdiction of this court through service of the summons upon Mr. Bally, as one of its directors. When Mr. Bally came within the district, he came as a witness for the corporation, for the purpose of attending a session of this court. It is not disputed that such attendance did not bring the corporation, through its director, into the jurisdiction, for the purpose of bringing it into court as defendant in another case.

The defendant has no factory, does not manufacture within the Eastern district of Pennsylvania; it has not now and never has had any of its capital invested, and does not sell any of its output, within this district. It has purchased leather from various manufacturers and dealers in the district. It never registered in the state of Pennsylvania under the Act of April 22, 1874 (P. L. 108), nor has it appointed the secretary of the commonwealth its agent upon whom process can be served under the Act of June 8, 1911 (Act June 8, 1911 [P. L. 710]; Pa. St. 1920, §§ 11054–11058). The purpose of the acts of assembly of Pennsylvania requiring a foreign corporation to register with the secretary of the commonwealth is to enable those having business dealings with them to make them answerable in the courts of the state in which they are engaged in business. One penalty for failure to comply with the act of 1911 is that the corporation may not maintain an action in the courts of the state. Failure to comply, however, does not render it immune from process, if it has, in fact, through duly appointed agents, been engaged in business within the state.

As the present suit is brought in a federal court on the ground of diversity of citizenship, the fact that the defendant has not complied with the act of 1911 is immaterial. The contract for the alleged breach of which the present suit was brought was, to the extent that the leather was to be delivered by the plaintiff f. o. b. cars, to be performed at Philadelphia. The carrier thereby became the agent of the defendant for the purpose of delivery. While delivery to the carrier under a sale f. o. b. cars is not engaging in business, so as to bring the defendant within the jurisdiction for the purpose of suit, yet it was considered a circumstance in connection with other facts in the case of Premo Specialty

Manufacturing Co. v. Jersey-Creme Co., 200 Fed. 352, 118 C. C. A. 458, 43 L. R. A. (N. S.) 1015, in which service upon the treasurer and secretary of the defendant while within the district in connection with the contract in suit was held valid. In that case the contract was entered into by an agent physically within the district, which is not the fact in the present case, although the acceptance of the defendant's order was sent from Philadelphia. The business which Mr. Bally transacted within the district was in relation to the very contract in suit, and the parties not having come to an agreement, Mr. Bally on behalf of the defendant, so far as the present rule is concerned, repudiated the contract by refusing further performance. While his purpose in coming into the jurisdiction was to attend court as a witness for the present defendant in an action in which it was the plaintiff, as a matter of convenience, he came clothed with authority from the defendant to represent it in transacting its business concerning an adjustment of the controversy arising under the contract in suit, and he also transacted business of the defendant with the Surpass Leather Company concerning a contract with it. The case is stronger upon the facts than the case of Brush Creek Coal & Mining Co. v. Morgan Gardner Electric Co. (C. C.) 136 Fed. 505.

While an individual may be served with summons wherever he may be found, he may be entitled to immunity from service upon the ground that he came into the jurisdiction for the purpose of attending court as a party or witness, and thus be entitled to the privilege of not being subject to the process when going to or from, or being within the jurisdiction for the purpose of participation in the trial of an action. But if, as said in the case of Skinner v. Waite (C. C.) 155 Fed. 825, he lays aside his character of party or witness and engages in transactions giving rise to other litigation, he is deemed to have waived his privilege; and the same rule applies to a corporation. It may waive the privilege of immunity of its officer or agent in the same manner.

The defendant's business was that of manufacturing shoes. In order to manufacture shoes it was necessary for it to purchase leather. Its contracts for the purchase of leather and the settlement of controversies concerning them was business of the defendant. How can it be said that, when its authorized officer transacted its business in relation to the contract in suit, and for it repudiated the contract, it was not engaged in business in the jurisdiction? In People's Tobacco Co., Ltd., v. American Tobacco Co., 246 U. S. 79, 38 Sup. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537, the court said:

"Each case depends upon its own facts. The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted. Phila. & Reading Ry. Co. v. McKibbin, 243 U. S. 264; St. Louis Southwestern Ry. Co. v. Alexander, 227 U. S. 218."

The validity of service depends upon whether the corporation was doing business in the district in such a manner and to such an extent as to warrant the inference that, through its agents, it was present here.

Green v. C. B. Q. Rwy. Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916. Under the facts in this case it appears that Mr. Bally was an officer upon whom service may be had, that he had full authority to transact the defendant's business while here. As Judge Dickinson said in Nickerson v. Warren City Tank & Boiler Co. (D. C.) 223 Fed. 843:

"Strictly speaking, a corporation does not migrate when its officers move into another jurisdiction."

But in that case the jurisdiction was sustained upon the ground that the corporation was engaged within the state of Pennsylvania in the business of erecting an oil tank which was in charge of a foreman present here for that purpose and it was present here transacting the very business for which it was incorporated. The language of Judge Platt, in New Haven Pulp & Board Co. v. Downingtown Mfg. Co. (C. C.) 130 Fed. 605, 608, is pertinent:

"The court did not invite the cause, but it is here, and, unless an inexorable sanction exists, it is not inclined to force a domestic corporation to migrate to a foreign forum in search of justice. It would seem ungracious for the defendant to permit its agent to visit Connecticut concerning matters which touch one branch of a transaction, and to object to service upon such agent of a notice that the plaintiff seeks to recoup in one direction what it has lately lost in another."

Also, as was said by Mr. Justice Peckham, in Connecticut Mutual Life Ins. Co. v. Spratley, 172 U. S. 602, 619, 19 Sup. Ct. 308, 315 (43 L. Ed. 569):

"A vast mass of business is now done throughout the country by corporations which are chartered by states other then those in which they are transacting part of their business, and justice requires that some fair and reasonable means should exist for bringing such corporations within the jurisdiction of the courts of the state where the business was done, out of which the dispute arises."

Rule discharged.