PENNRICH & COMPANY, INC., Plaintiff, *v.* JUNIATA HOSIERY MILLS, INC., Defendant.

Supreme Court, New York County, March 24, 1927.

Corporations — foreign corporation — action against foreign corporation on trade acceptances — presence of defendant in this jurisdiction established for purpose of service of process — secretary was managing agent under Civil Practice Act, § 229, though his acts were subject to confirmation at home office.

In an action against a foreign corporation, based on trade acceptances, it must be held that the defendant was present in this jurisdiction for the purpose of service of process, where it appears that most of the business involved was negotiated here; that one of the trade acceptances was given to plaintiff's president in a designated room at a specific address in New York city and was accepted by defendant through its secretary at the same office; that service was effected by delivering the summons to said secretary at that address; that, since the alleged resignation of the secretary, defendant's letters have carried the address of the New York office, and that defendant is listed in the New York city telephone directory and in the directory of tenants; and that on the door of the designated room at the New York address the defendant's name appears.

The defendant's secretary was a managing agent, within the meaning of section 229 of the Civil Practice Act, although his acts were subject to confirmation at the home office, and the defendant's motion to set aside the service of process upon him is denied.

When business proposals are made from an office in this jurisdiction, concededly maintained by a foreign corporation, and the acts initiated in the office are by an agent who is the highest in authority in this State, he should be deemed the managing agent, even though his orders are subject to confirmation at the home office.  This is especially true where the contract was entered into in said office by a person with full power, whose authority was afterwards revoked without the knowledge of the person who had previously dealt with him.

MOTION to set aside service of summons on defendant, a foreign corporation.

*Maurice M. Cohn,* for the plaintiff.

*Greene & Hurd,* for the defendant, appearing specially, etc.

LEVY, J.  The defendant, a foreign corporation, seeks to vacate the service upon its alleged managing agent on the ground that it is neither doing business in this State nor is the person served a man-

aging agent within the meaning of the statute (Civ. Prac. Act, § 229). The action is based on two trade acceptances aggregating $2,838, on which $1,550 has been paid, and a balance of $1,672 due on open account for goods sold and delivered. Most of the business involved in the suit was negotiated here, and at least one of the trade acceptances was given to plaintiff's president in room 905, No. 366 Broadway, New York city, and was accepted by the defendant through R. J. Nestler, as secretary, at the same office. Nestler professes to have resigned since the acceptance. Service was effected by delivering the summons to Nestler at that address. The moving affidavits indicate that Nestler is only sales representative now and that the corporation is not doing business in this State; that he has no power to bind the corporation; that all orders are subject to acceptance at the home office in Pennsylvania; that while Nestler maintains a small office in room 905 of No. 366 Broadway, New York city, no books of the corporation are kept there. The answering affidavits, in addition to the facts already stated regarding the making of a contract, show that defendant, on letters sent since the alleged resignation of Nestler as secretary, has carried the notation " New York Office, 366 Broadway," and that the defendant is listed in the New York city telephone directory and in the directory of tenants of 366 Broadway. It also appears that no person superior in authority to Nestler is located in that office. Furthermore, on the glass panel of the door of room 905 of that address there appears the sign " Juniata Hosiery Mills, Incorporated, Mifflintown, Pa."

Upon the state of facts thus presented I have no hesitation in saying that the corporation, for purposes of service within the jurisdiction, was present here. Whatever possible explanation it may be able to furnish of its announcement on the letterheads by which it clearly advertised its presence here to the entire world, will not be sufficient against one who may justly be assumed to have dealt with it with knowledge of these announcements in the very office in which it transacted business through an officer armed with substantial, if not plenary, authority. In this situation the utterance in *National Furniture Co.* v. *Spiegelman & Co., Inc.* (198 App. Div. 672, 673), is directly in point: " Particularly is jurisdiction given when the contract sued on is one made in this State by the defendant through the agency of the officer on whom process is served, and parties should not be denied the right to resort to the courts of this State, where the contract is made and the business is done out of which the dispute arose." (See, also, *Dungan, Hood & Co., Inc.,* v. *Bally, Ltd.,* 271 Fed. 517; *Connecticut Mutual Life Ins. Co.* v. *Spratley,* 172 U. S. 602.)

This leaves open for consideration the other objection to the service, as to whether the person served was actually the managing agent within the intent of the law. *Beck* v. *North Packing & Provision Co.* (159 App. Div. 418), on a state of facts which has similar aspects, held that the term " managing agent " was to be considered as a person vested by the corporation with general powers involving the exercise of judgment and discretion. This more or less stringent application of the term, which may undoubtedly be proper in most cases, appears to work distinct injustice in a situation such as the one before us. Presiding Justice INGRAHAM, in his dissenting opinion in the *Beck* case, said (at p. 421): " The defendant has no other officer or agent within this State, and, I think, for the protection of the citizens of this State doing business with this corporation, Snow must be regarded as a managing agent within the meaning of section 432 of the Code of Civil Procedure."

When it is considered that the *Beck* case was decided before *Tauza* v. *Susquehanna Coal Co.* (220 N. Y. 259) the conclusion will doubtless be justified that a person may be a managing agent within the provision of the statute authorizing service upon such a person, even though the orders which he takes are not fully binding until approved by the home office. The general rule that a person cannot be considered the managing agent of a corporation if his orders are subject to confirmation from the home office, is unquestionably based on the principle that it has not signified its presence in the State by the mere fact that it has initiated the formation of a contract which requires approval elsewhere. In that respect it may be said that it has not performed a corporate business act in the State. When, however, business proposals are made from an office in this jurisdiction, concededly maintained by the corporation, and the acts initiated in this office are by an agent who is the highest in authority here, in good conscience he should be deemed for the protection of our citizens a managing agent, even though his orders are subject to confirmation at the parent office. This seems particularly true where the contract was entered into in the very office by a person with full power whose authority was afterwards revoked without the knowledge of the person who had previously dealt with him. The opinion of the United States Supreme Court in the case of *Connecticut Mutual Life Ins. Co.* v. *Spratley* (*supra*) aptly applies where (at pp. 619, 620) it was said: " A vast mass of business is now done throughout the country by corporations which are chartered by States other than those in which they are transacting part of their business, and justice requires that some fair and reasonable means should exist for

bringing such corporations within the jurisdiction of the courts of the State where the business was done, out of which the dispute arises.

"It was well said in *Railroad Company* v. *Harris*, 12 Wall. 65, 83, by Mr. Justice SWAYNE, in speaking for the court, in regard to service on an agent, that 'When this suit was commenced, if the theory maintained by the counsel for the plaintiff in error be correct, however large or small the cause of action, and whether it were a proper one for legal or equitable cognizance, there could be no legal redress short of the seat of the company in another State. In many instances the cost of the remedy would have largely exceeded the value of its fruits. In suits local in their character, both at law and in equity, there could be no relief. The result would be, to a large extent, immunity from all legal responsibility.'"

In *Cochran Box & Mfg. Co., Inc.*, v. *Monroe Binder Board Co.* (197 App. Div. 221) service upon a person said to be a managing agent was sustained notwithstanding the fact that the duty of the agent was merely to solicit business for defendant and send orders to the home office for approval, despite the fact that he had no power to extend credit, to collect moneys, or employ or discharge agents, and no charge or control of their soliciting agents. Besides, the defendant had no bank account in this State and owned no property here, except perhaps some unimportant personalty in its New York office. The defendant did, however, announce on its letterheads its New York office address and maintained desk room in a building in New York city. That case was affirmed in 232 New York, 503.

There is nothing in *Holzer* v. *Dodge Bros.* (233 N. Y. 216) in conflict with this. In that case there was no evidence that the corporation served maintained an office in this State, although its district representative had his own office here, not maintained, however, by the defendant. In commenting upon the *Cochran* case the Court of Appeals in the *Holzer* case gives as an additional reason for the result there the circumstance that the representative had power to make or negotiate contracts. This statement cannot be taken to mean that such a person must have power to bind the corporation on contracts in this State to authorize service upon him, because a careful reading of the facts in the case (as reported in 197 App. Div. 221) clearly shows that the managing agent there was obliged to send all orders to the home office for approval.

The person served in the instant case was, therefore, a managing agent within the contemplation of the statute, and the motion to set aside the service is denied, with ten dollars costs.