63 N.J. Super. 86 (1960)
163 A.2d 721
FRED A. AMMOND, ET ALS., PLAINTIFFS-RESPONDENTS,
v.
PAUL LAFAYETTE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1960.
Decided September 20, 1960.
*87 Before Judges CONFORD, FOLEY and KILKENNY.
Mr. Martin J. Cohen argued the cause for plaintiffs-respondents (Messrs. Green and Yanoff, attorneys).
Mr. Sidney D. Weiss argued the cause for defendant-appellant (Mr. Robert M. Vogel, attorney).
*88 PER CURIAM.
This is an appeal by leave of this court from an interlocutory order of the Law Division denying defendant's motion to set aside the service of the summons and complaint filed herein.
The applicable portions of R.R. 4:4-4(a) provide that service of process shall be made as follows:
"Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and complaint to him personally; or by leaving a copy thereof at his dwelling house or usual place of abode with some competent member of his family of the age of 14 years or over then residing therein; * * *." (Emphasis added.)
Service was made by a deputy sheriff of Middlesex County on one Helen Schaefer at the residence of the defendant. The motion was supported by an affidavit of Helen Schaefer in which she denied being a member of the family, an employee of the defendant, or a resident at his home. Plaintiff then served a cross-motion demanding that the affiant be produced for cross-examination on the return thereof, supporting the same by an affidavit of its attorney that he was present at the time service was made by the deputy sheriff, and that at that time Helen Schaefer, in response to his questions, said that she was employed full-time by the defendant as his housekeeper and had been on the job two or three days.
In her testimony taken before the trial judge she reiterated the assertions contained in the affidavit but admitted that she may have told the deputy sheriff that she was employed by defendant as his housekeeper. She also testified that she had delivered the process to the defendant later the same day. In denying defendant's motion, the trial judge noted the conflict between the attorney's version of Mrs. Schaefer's unsworn statements and her affidavit and testimony, and observed that he would give her the benefit of "the doubt." The trial court then went on to hold that since the defendant had notice of the suit "he should come in to submit to the jurisdiction of the court and have the case heard on the merits."
*89 On the appeal plaintiff urges that the comments of the court to which we have alluded should be construed to mean that the court found as a fact that Mrs. Schaefer was a full-time employee of the defendant and resided in his home. On the contrary, we take them to mean that the court accepted the testimonial assertions of Mrs. Schaefer that she was not defendant's housekeeper and that she did not reside with him. Moreover, we hold that the judge could not properly have reached the conclusion contended for since it is manifest that any statement made to the attorney or the deputy sheriff in the absence of the defendant, without proof of Helen Schaefer's authority to speak in behalf of the defendant, could not be binding upon him. Furthermore, it is patent that the affidavit of the attorney in which such recitals were contained is pure hearsay. Thus the only competent evidence in the case having any probative effect whatever negated the idea that Helen Schaefer was either in the employ of the defendant or that she lived with him. In these circumstances we need express no opinion of whether a housekeeper permanently residing in a household is a member of the "family" within the meaning of R.R. 4:4-4(a) supra. Compare Fed. R. Civ. P. 4(d)(1).
The rationale of the determination of the trial court is that even though service of process be not in compliance with the rules, the mischief is mended if the defendant subsequently becomes apprised of the pendency of the action and has suffered no prejudice in the interim. The law is otherwise. The requirements of the rules with respect to the service of process go to the jurisdiction of the court and must be strictly complied with. Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 493 (1952). The validity of service does not depend upon what is done after the service is made since compliance with the rules is a prerequisite to the acquisition of jurisdiction. Cf., Beck v. North Packing & Provision Co., 159 App. Div. 418, 144 N.Y.S. 602 (App. Div. 1913).
The service is set aside.