LILLIE S. TAYLOR, Respondent, *v.* GRANITE STATE PROVIDENT ASSOCIATION et al., Appellants.

While, when there is conflicting evidence with respect to a disputed fact arising upon a motion, the court in which the motion is made has power to settle the conflict, and this court may not interfere with the result, when the affidavits upon the one side contain positive proof and upon the other merely statements of persons who cannot possibly know the facts, and whose statements therefore are mere expressions of opinion, and the decision below is based upon these statements, it is reviewable here.

Under the provision of the Code of Civil Procedure (§ 432) authorizing service of a summons upon a foreign corporation, which has not designated any person for that purpose as prescribed, by delivering a copy thereof to "a managing agent of the company within this state," the term "managing agent" imports some person invested by the corporation with general powers involving the exercise of judgment and discretion.

The relation of attorney and client does not constitute such an agency, and so, service upon one, having no other connection with the corporation than that of attorney of record in an action to which it is a party gives the court no jurisdiction.

(Argued November 28, 1892; decided January 17, 1893.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made May 9, 1892,

which affirmed an order of Special Term denying a motion by defendant to set aside a judgment by default in the above entitled action in favor of plaintiff and service of summons therein, and affirmed a subsequent order of said court denying a motion by defendant to resettle the first order or for a rehearing.

The facts, so far as material, are stated in the opinion.          · ᴅ ·

*Edward Hassett* for appellants. The affidavits of service of Decker & Doty, on which alone the judgment was rendered, are entirely insufficient to support it. (*Hiller* v. *B. & M. R. R. Co.*, 70 N. Y. 223 ; *Palmer* v. *P. Co.*, 99 id. 679 ; *Tuchband* v. *C. & A. R. R. Co.*, 115 id. 437 ; *Reddington* v. *M. L. Co.*, 19 Hun, 405.) It is conclusively shown on behalf of the appellant that the person served was not its cashier or managing agent, and the judgment should be therefore vacated. (*Sturges* v. *C. J. Mfg. Co.*, 57 Hun, 587 ; 123 N. Y. 639 ; Code Civ. Pro. § 432 ; *Reddington* v. *M. L. Co.*, 17 Hun, 405 ; *Buckley* v. *Buckley*, 6 Abb. Pr. 307.) ·

*Alpheus T. Bulkley* for respondent. The question as to whether John M. Townsend was an agent of the association, or otherwise, was one of fact alone, to be determined upon the affidavits before Mr. Justice Barnard. (Code Civ. Pro. § 432.)

O'Brien, J. The defendant moved to set aside the judgment entered against it in this action and the service of the summons, on the ground that no jurisdiction was obtained of the person of defendant, as no sufficient or legal service of process had ever been made upon it. The motion was denied and the defendant then moved for a resettlement of the order which was refused. Orders were entered upon both motions from which an appeal was taken and they were affirmed at General Term. The order denying the motion for resettlement was so far a matter of discretion that it is not reviewable here but the denial of the motion to vacate the judgment and

set aside the service of the summons presents a question of law, and we have jurisdiction to review it.

The defendant is a foreign corporation organized and existing under the laws of the state of New Hampshire and has never appointed an agent in this state for the purpose of receiving service of process. It appears from an affidavit attached to the summons that it was served upon one John M. Townsend, an attorney at law, residing in Poughkeepsie, on the 30th of December, 1891. The cause of action arose and the venue was laid in Dutchess county. The defendant did not appear in the action, but other defendants residing in that county did, and upon their answers a trial was had and judgment entered against all, including this defendant, against which the main relief was demanded. The action was one calling for equitable relief, and the judge who tried it at the Special Term found as a fact that the process was served upon a managing agent of the defendant, upon what proof does not appear, and he proceeded to render judgment against the defendant for the relief demanded in the plaintiff's complaint. There is also attached to the judgment roll an affidavit of the plaintiff's attorney, in which it is stated, among other things, that the summons was served upon Townsend, and that he was at that time acting as the defendant's managing agent or cashier, that more than twenty days had elapsed since the service and no appearance had been made.

The moving papers contain the affidavit of the defendant's president, in which he swears that Townsend never was an agent, cashier or director, or connected with the defendant in any way except as attorney of record in a suit to foreclose a mortgage held by defendant against the plaintiff. Townsend himself swears in the most positive way to the same fact, as does also the defendant's superintendent of agents. The latter goes farther and swears that in November, 1889, one Pells and another were appointed agents for defendant in the county of Dutchess and five other counties in the vicinity and that no subsequent appointment had been made and Pells himself swears to the same fact and further that the defendant never

had any other agent in the territory, and that Townsend never was such agent. The plaintiff produced and read various affidavits in opposition to the motion in which numerous acts on the part of Townsend are detailed that might tend to show, in the absence of explanation, that he was such an agent as is designated in the Code upon whom process could be served but, after careful examination of these affidavits, we think that the acts described are consistent with the relation of attorney and client, which relation it is admitted by the defendant's officers, existed and still exists, and that they really do not establish any other relation. The affidavits, or some of them, also contain positive statements to the effect that Townsend was, at the time of the service of the summons, a managing agent or cashier of the defendant, but as the persons making the statements could not possibly know the fact they must be regarded as mere expressions of opinion which cannot overcome the clear and positive statements of the defendant's officers who had knowledge of the facts. Where there is conflicting evidence with respect to a disputed fact arising upon a motion, it is the province of the court, in which the motion was made, to settle the conflict and this court will not interfere with the result. But when the moving affidavits in this case are analyzed and properly construed, they present no real conflict with the positive proof of the defendant as to the real relations that Townsend held to the corporation when the process was served upon him. The court did not obtain jurisdiction of the defendant by the service of process upon Townsend unless he was within the meaning of section 432 of the Code, " the cashier, a director, or a managing agent of the corporation, within this state." A managing agent must be some person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it. (*Reddington* v. *Mariposa L. & M. Co.*, 19 Hun, 405; *Sterrett* v. *Denver & R. G. R. Co.*,

17 id. 316.) The relation of attorney and client, which is all that appears to have existed in this case when the process was served, does not constitute such an agency as is designated in the provisions of the Code referred to, and hence no jurisdiction of the defendant's person was obtained by the service made.

· That part of the order appealed from, which affirmed the order denying the motion to set aside the service of the summons and to vacate the judgment, should be reversed, and the service set aside and the judgment vacated, and the appeal from that part of the order which affirmed the order denying the motion for a resettlement should be dismissed, without costs to either party in this court.

All concur.

Ordered accordingly.