SCHRYVER v. METROPOLITAN LIFE INS. CO.

(Ulster County Court. June 7, 1894.)

SUMMONS—SERVICE ON CORPORATION—MANAGING AGENT.

An agent of an insurance company, whose duties are confined to superintending certain soliciting agents, whom he has no authority either to employ or discharge, is not a "managing agent" (Code Civ. Proc. § 431, subd. 3), on whom summons against the company may be served.

Appeal from justice's court.

Action by William C. Schryver against the Metropolitan Life Insurance Company to recover for services rendered. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Arnoux, Ritch & Woodford and Kenyon & Sharpe, for appellant. Eckert & Westbrook, for respondent.

CLEARWATER, J. The plaintiff brought suit in the court below, alleging services rendered, and nonpayment. On the return of the summons, the defendant appeared specially, and moved to set the same aside, upon the ground that it had not been properly served. It appeared from the return of the constable that he had

served the summons upon one William W. Mabie, who, in his return, he describes as a superintendent and managing agent of the defendant. In support of the motion the defendant filed the affidavit of its secretary, who swears that the defendant is a domestic corporation, having its principal office in the city of New York; that Mabie, upon whom the process was served, was not its president or other head, nor its secretary, clerk, cashier, treasurer, director, trustee, or managing agent; that the defendant had a president, vice president, secretary, and cashier, whose names he gives, and that it had 17 directors residing in this state; that Mabie's duties were confined to superintending certain soliciting agents, and that he had no other authority or power; that he acted solely under the direction of the home office, and could not employ or discharge agents or collectors; that the defendant had 25 such agents as he in the state of New York, and 115 in the United States, none of whom had anything to do with the management of its business. It also filed the affidavit of Mabie, who swears that he was not a managing agent. These affidavits were not contradicted by the plaintiff, who claimed that the defendant was concluded by the return of the constable, and that, admitting the facts alleged to be true, the service was properly made. The justice denied the motion. The defendant's counsel withdrew from the court, the plaintiff made his proof, and judgment in his favor was rendered, from which the defendant appeals.

Elaborate briefs have been filed by counsel,—the defendant claiming that it would be in constant danger of suffering default in actions brought against it, if service of process could properly be made upon inferior agents occupying the position filled by Mabie; the plaintiff urging that any agent possessing any supervisory authority is a managing agent, under the statute, within the meaning of the Code of Civil Procedure, which provides that personal service of the summons upon a defendant, being a domestic corporation, must be made by delivering a copy thereof within the state, as follows: "To the president or other head of the corporation, the secretary or clerk to the corporation, the cashier, the treasurer, or a director or managing agent." Code Civ. Proc. § 431, subd. 3. This provision applies to actions commenced before a justice of the peace. Code Civ. Proc. § 2879. Much time and ingenuity can be expended in the attempt to limit or extend the meaning of words in common use; but these refinements, however interesting to the etymologist or philologist, are apt to prove confusing when diverted from academic to practical uses. The law, being a practical branch of ethics, usually adopts the simplest and most natural construction. Without, therefore, discussing the rule which might apply in the case of a foreign corporation, the managing agent of a domestic corporation must be some person who is engaged in the management of its affairs, as distinguished from one to whom is intrusted only a particular branch of its business,—such an agent as is invested by the corporation with general powers involving the exercise of judgment and discretion, and differing from an ordinary agent, who acts in an inferior capacity, and under the direction and con-

trol of supreme authority, both in regard to the extent of his duty, and the manner of executing it. Taylor v. Association, 136 N. Y. 343, 32 N. E. 992; Reddington v. Mining Co., 19 Hun, 405; Sterett v. Railroad Co., 17 Hun, 316; Brewster v. Railroad Co., 5 How. Pr. 183; Emerson v. Railroad Co., 13 Hun, 150. The construction here adopted is not only simple,—giving to the statute its obvious meaning,—but, if adhered to, will prevent any misconception upon the part of magistrates and suitors as to the person upon whom process should be served. Nothing can be more dangerous than a loose interpretation of a statute, compliance with which is necessary to the acquirement of jurisdiction of the person of a defendant by courts of inferior jurisdiction, which, as a rule, are inclined to enlarge, rather than limit, their authority. It is clear from the undisputed proof that Mabie was not a managing agent of the defendant, in the legal or correct sense. The court below, therefore, did not obtain jurisdiction of the defendant by the service of process upon him; and it should have set aside the service, when requested so to do. Its refusal was error, for which the judgment must be reversed. Judgment reversed, with costs.