(115 App. Div. 568)

## CORDS v. RUTH.

(Supreme Court, Appellate Division, Second Department. November 16, 1906.)

BROKERS—COMMISSIONS—PERFORMANCE OF CONTRACT.

    The owner of property, after negotiating with J. with reference to a sale, gave plaintiff written authority to sell the property for a specified price, and plaintiff then negotiated with J., who made an offer of a less sum, which was rejected by the owner. Thereafter the owner revoked the authority, and subsequently, in pursuance of negotiations between him and J., sold the property for the price fixed in plaintiff's authority. *Held* that, in the absence of any fraud or bad faith, plaintiff was not entitled to recover a commission.

    [Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, §§ 45, 47.]

Appeal from Municipal Court of New York.

Action by Charles D. Cords against Edward Ruth. From a judg-ment in favor of the plaintiff, defendant appeals. Reversed and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAY-NOR, RICH, and MILLER, JJ.

Ira Wheeler, for appellant.

WOODWARD, J. The plaintiff alleges an employment by the defendant for the purpose of effecting a sale of certain real estate for the sum of $8,500, and demands judgment for $212.50, being 2½ per cent. upon the purchase price. It was established upon the trial that the plaintiff went to the defendant and procured a written authority to sell the real estate in question for $8,500; the defendant agreeing to pay the commission of 2½ per cent. upon any price which he agreed to accept for the property. The written agreement provided that the authority should continue until the defendant revoked the same in writing. Prior to this authority, which bears date of November 25, 1905, the defendant had been in negotiation with one Johnson in refer-ence to a sale of this same property; Johnson representing third par-ties. Soon after procuring the authority the plaintiff entered into a negotiation with the said Johnson, resulting in Johnson making an offer of $8,000 for the premises, and it is conceded that this offer was rejected by the defendant. Subsequently, and on or before the 12th day of December, the defendant withdrew the authority in writing under the terms of the agreement, and at a later date entered into negotiations with the said Johnson which resulted in a sale of the property to the latter for $8,500 as alleged in the complaint. There is no allegation of fraud or bad faith on the part of the defendant. All that he did was to withdraw the authority, as he had a clear right to do, and he then entered into negotiations with a man whom he had known and negotiated with before the plaintiff came into the transac-tion, and this negotiation resulted in a sale. The plaintiff never pro-cured a purchaser ready, willing, and able to purchase the premises upon the terms fixed by the defendant, and under all of the authorities he is not entitled to recover in this action.

The judgment appealed from should be reversed, and new trial or-dered, costs to abide the event. All concur.