1907.) Appeal from Municipal Court, Borough of Manhattan, Eighth District. Action by Charles F. Coppins against Emma Lowe. From an order setting aside a verdict for plaintiff, he appeals. Reversed. Henry C. Hunter (S. John Block, of counsel), for appellant. Semple & Liebeskind, for respondent.

PER CURIAM. The plaintiff's horse was run over by a wagon and injured. The only question was as to whether or not the wagon was that of defendant. On the first trial the jury found for defendant, and the court set aside the verdict. The defendant appealed, and the order was affirmed. At the next trial the jury found for plaintiff for $375, that being the conceded damages. Again the court set aside the verdict. There was sufficient evidence to support the finding of the jury, and it was error for the court to interfere with the conclusion reached by them. The order should be reversed, and the verdict reinstated, with appropriate costs in the court below and costs of the appeal in this court.

CORBETT, Appellant, v. MARRIOLLE et al., Respondents. (Supreme Court, Appellate Division, Second Department. March 1, 1907.) Action by Arthur J. Corbett against August Marriolle and another. No opinion. We think the clear preponderance of proof supports the claim that the defendants were copartners. Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.

CORDS, Respondent, v. RUTH, Appellant. (Supreme Court, Appellate Division, Second Department. March 15, 1907.) Action by Charles D. Cords against Edward Ruth. No opinion. Judgment of the Municipal Court reversed on reargument, on the opinion in the same case (115 App. Div. 568, 100 N. Y. Supp. 1043), and new trial ordered; costs to abide the event.

COYLE, Appellant, v. SCHULZ, Respondent. (Supreme Court, Appellate Division, Second Department. April 26, 1907.) Action by Ellen Coyle against John D. H. Schulz. No opinion. Order affirmed, with $10 costs and disbursements.

CROMPTON, Respondent, v. DOBBS et al., Appellants. (Supreme Court, Appellate Division, First Department. March 8, 1907.) Action by William Crompton against Charles G. Dobbs and another. W. R. Wait, Jr., for appellants. L. W. Stotesbury, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

C. S. TAPLEY CO., Respondent, v. E. L. HASLER CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 13, 1907.) Action by the C. S. Tapley Company against the E. L. Hasler Company.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

McLENNAN, P. J., and KRUSE, J., dissent upon the ground that there is no evidence tending to show that Stephen, upon whom the summons was served, was managing agent of the

103 N.Y.S.—71

defendant, or that he was ever held out or represented by the defendant to be such. Taylor v. G. S. P. Association, 136 N. Y. 343, 32 N. E. 992, 32 Am. St. Rep. 749; Coler v. Pittsburg Bridge Company, 146 N. Y. 281, 40 N. E. 779.

CUSHMAN, Appellant, v. CUSHMAN et al., Respondents. (Supreme Court, Appellate Division, Second Department. March 1, 1907.) Action by Mary F. Cushman, as executrix of the last will and testament of Thomas H. Cushman, deceased, against Harry C. Cushman, individually and as executor, etc., and others. No opinion. Motion denied, with $10 costs.

DAGES, Appellant, v. BRYANT et al., Respondents. (Supreme Court, Appellate Term. March 14, 1907.) Appeal from Municipal Court, Borough of Manhattan, Fourteenth District. Action by Christian Dages against George W. Bryant and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial granted. Leidy & Goodstein, for appellant. Wheeler & Nekarda, for respondents.

PER CURIAM. Plaintiff sued to recover damages for the loss of a horse and for injuries to a runabout claimed to have been caused by defendants' automobile. Plaintiff's driver was proceeding up Park avenue, and when near the northeast curb of 84th street and Park avenue there was a collision between the horse and wagon and the automobile. The automobile was coming through 84th street and going west. The horse's legs were broken and he was shot. The runabout was also injured. The driver of the horse was corroborated in the main by two disinterested witnesses. The defendants put in no testimony. Motion to dismiss the complaint was granted and judgment entered for the defendants. From this judgment the plaintiff appeals. The court below doubtless decided that, giving to the plaintiff the benefit of the most favorable inferences from plaintiff's evidence, his driver was guilty of contributory negligence. We cannot agree with this conclusion. On the contrary, we think plaintiff made out a prima facie case for recovery and that the complaint should not have been dismissed. The judgment appealed from is reversed and a new trial granted, with costs to appellant to abide the event.

DAIKER, Respondent, v. HUTCHINSON, Appellant. (Supreme Court, Appellate Term. March 14, 1907.) Appeal from Municipal Court, Borough of Manhattan, Eleventh District. Action by George Daiker against Edwin B. Hutchinson. From a judgment in favor of plaintiff, defendant appeals. Affirmed. McLaughlin & Stern, for appellant. Simon Sultan, for respondent.

PER CURIAM. Upon a prior appeal in this action a judgment in favor of the defendant was reversed, upon the ground that the facts did not warrant a finding that the plaintiff had accepted a surrender of the apartment rented by the defendant before the expiration of the lease, and that therefore the requirement that written notice of an intention to terminate the lease must be given two months before its expiration, otherwise the lease should continue for one year upon the same terms, had not been complied with. 98 N. Y. Supp. 616. Upon the present trial the