MICHAEL BLASIUS and NICHOLAS BLASIUS, Appellants, *v.* HARTFORD FIRE INSURANCE COMPANY, Respondent.

First Department, May 2, 1919.

Corporations — examination before trial of foreign corporation through officers of domestic corporation acting as agent — when said domestic corporation not managing agent within meaning of section 872 of Code of Civil Procedure.

In an action against a foreign fire insurance company, *held*, that a domestic corporation is not the managing agent of the defendant within the meaning of section 872 of the Code of Civil Procedure, but is a mere soliciting agent for the placing of insurance, and has no general authority.

Even if it be possible to examine before trial a foreign corporation through a domestic corporation, acting as its agent and not a party to the action, such examination should not be allowed where the officers of said domestic corporation who are required to be examined did not become such until long after the transaction desired to be inquired into and have no personal knowledge thereof.

SHEARN and SMITH, JJ., dissented, with opinion.

APPEAL by the plaintiffs, Michael Blasius and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of November, 1918, vacating and setting aside orders for the examination of the defendant before trial.

*Franklyn M. Silverstein*, for the appellants.

*Patrick J. Dobson* of counsel [*William J. Martin* with him on the brief; *Foley & Martin*, attorneys], for the respondent.

CLARKE, P. J.:

The defendant is a foreign corporation authorized to do and doing business in this State. The order for examination provided that the said Hartford Fire Insurance Company appear by its managing agent, Vessel Agency, Inc., and that said Vessel Agency, Inc., appear thereat by Howard Hampton, its secretary and treasurer, William A. Hamilton, its vice-president, and Charles S. Elder, its managing agent, and submit to an examination concerning the matters set forth. It is claimed that the Vessel Agency, Inc., a domestic corporation, is the managing agent of the defendant and, therefore, that it is proper to examine it by its officers as an examination before trial of the defendant.

Passing the anomaly of examining the officers of one corporation not a party to the action under the pretext of examining the corporation which is a party to the action, the first question to be determined is whether the Vessel Agency, Inc., is the managing agent of the Hartford Fire Insurance Company. I am satisfied that it is not; it is merely a soliciting agent for the placing of insurance. There are 300 of such agents of the Hartford Fire Insurance Company in this State, 10 of them in the city of New York. Not only is the Vessel Agency, Inc., such soliciting agent of the Hartford Fire

Insurance Company but it is also the soliciting agent of six other insurance corporations, foreign and domestic. For the defendant and for these other companies it merely has an authority to procure and effect insurance, employs no sub-agents and has no general authority. It has no general power to pay losses or compromise or settle claims. Within the well-settled rules, it seems to me, there is no warrant for holding that it is the managing agent of the defendant in this State.

Further, the purpose of an examination before trial is to obtain evidence to use upon the trial. It appears that the officers of the Vessel Agency, Inc., who are required to be examined did not become such officers until long after the transaction desired to be inquired into and have no personal knowledge thereof. It is obvious, therefore, that they can give no personal testimony of the transactions to be inquired into and, therefore, they can give no testimony which can be used upon the trial.

If, therefore, it be ever possible to examine a corporation not a party to the suit under the guise of examining another corporation which is a party to the suit, facts are not presented in this case which would warrant such proceeding.

The order appealed from is right and should be affirmed, with ten dollars costs and disbursements to the respondent.

DOWLING and PAGE, JJ., concurred; SMITH and SHEARN, JJ., dissented.

SHEARN, J. (dissenting):

Appeal by plaintiffs from an order vacating an order for the examination of the defendant insurance company by its alleged managing agent, a corporation called the Vessel Agency, Inc., which managing agent is directed to appear by certain of its officers and to produce papers for use upon the examination.

The action in its present form is made up of two actions separately begun, growing out of the defendant's policy of fire insurance on a steam yacht owned by the plaintiffs, which actions were consolidated on the defendant's motion. Of the two actions so consolidated the examination sought is confined to action No. 1, based upon the plaintiffs' claim that the defendant was guilty of a breach of an alleged election on its

part made after the fire, pursuant to a provision therefor in the policy, to repair the damaged vessel.  The order was obtained after the actions were consolidated but while an appeal was pending from the order of consolidation.  The ground upon which the order for the examination was vacated was that it did not appear that the Vessel Agency, Inc., was a managing agent of the defendant.  It is contended by the defendant that the Vessel Agency, Inc., is merely one of a large number of agents employed by the defendant in the city of New York to solicit insurance and that the agent is not vested with any such general discretion in the conduct of defendant's insurance business as to constitute it a managing agent as that term is ordinarily construed.  Plaintiffs' proof in support of its claim that the agent is a managing agent is set forth in the affidavit of plaintiffs' attorney, which recites many items of evidence which, it is contended, establish plaintiffs' contention.  Many of these items are without special significance.  Three of them, however, are very much in point.  One is that there is attached to the policy a rider which contains substantial portions of the policy contract.  At the place where such rider is pasted to the policy there is stamped with a rubber stamp the following:  " The form attached is made a part of this contract.  The Vessel Agency, O. E. C."  If the agent had the power to agree upon the incorporation into the policy of substantial provisions, as is to be inferred from this proof, it had much wider discretion concerning the defendant's business than would be possessed by an ordinary agent empowered to solicit insurance.  The plaintiffs' claim was addressed to the Vessel Agency, which replied thereto in part as follows:  " We beg to acknowledge receipt of your favor of the 20th instant, relative to above, and in reply wish to advise you that we did not accept any abandonment, in fact there can be no abandonment under our policy."  It is to be inferred from this that the agent, in the ordinary conduct of its business and handling a claim against the defendant, assumed that it had the power to accept an abandonment of the policy but contended that there was no abandonment because it had not accepted same.  While an agent's authority may not be proved by the agent's declarations, this letter is significant and entitled to weight upon such a practice motion

as this in view of the fact that the defendant submits no evidence whatever in the shape of an affidavit of any official to show that the Vessel Agency did not have power to accept an abandonment or that the letter was not written under defendant's instructions or, in fact, that the Vessel Agency not was the defendant's managing agent. It is further shown that plaintiffs' proofs of loss were filed with the Vessel·Agency and retained by it, notwithstanding the fact that the policy provided that proofs of loss should be sent directly to the company. It, therefore, seems to me that, in the absence of any proof in the shape of affidavits of any official of the defendant to controvert the claim that the Vessel Agency is the defendant's managing agent, or to explain that these discretionary powers exercised by the agent were under defendant's direction and control, the inference is strong that the Vessel Agency was intrusted with such wide discretionary powers in the conduct of defendant's business in the city of New York as to constitute it a managing agent within the meaning of section 872 of the Code of Civil Procedure. Moreover, it is peculiarly appropriate that the managing agent be produced for examination in this case because it appears that the business in question was conducted with it and the information sought is much more likely to be elicited from the managing agent than from any of the officers of the defendant foreign corporation. The counter-proof that the present officers of the managing agent were not officers at the time of the transactions and the claim that they have no personal knowledge thereof are not sufficient to defeat the examination, for they should at any rate be able to produce, identify and explain the papers filed with the Vessel Agency and required to be produced upon the examination. The examination is not oppressive or vexatious and appears to be sought in good faith. To deny it merely aids the defendant in hindering the plaintiffs in the progress of their action and covering up facts which, if true, are material and relevant.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the order directing the examination should be reinstated.

SMITH, J., concurred.

Order affirmed, with ten dollars costs and disbursements.