EINAR HENRIQUES and Another, Copartners Doing Business under the Firm Name and Style of A. MAGNUS & COMPANY, and Another, Appellants, *v.* THE GAUTHIOD MARINE INSURANCE COMPANY, LTD., Respondent.

First Department, April 6, 1923.

Corporations — foreign corporations — action to recover on policy of marine insurance issued by foreign insurance corporation — insurer was not licensed to do business here and maintained no branch office here — another corporation doing business in this State was designated in policy as representative of insurer to adjust losses — representative acted independently in adjusting loss and rejected plaintiff's claim in behalf of insurer — insurer was doing business here within General Corporation Law, § 47, and said representative was managing agent within Civil Practice Act, § 229 — service of summons on representative will not be set aside.

In an action to recover on a policy of marine insurance issued by a foreign insurance corporation which was not licensed to do business in this State and maintained no branch office here, another corporation doing business in this State, which was designated in the policy of insurance as the representative of the insurer to adjust losses, was a managing agent within section 229 of the Civil Practice Act, and said insurer was doing business in this State within section 47 of the General Corporation Law, and the service of the summons and complaint upon the representative was proper and should not be set aside, where it appears that, in addition to the corporation on which service was made being designated

as the representative of the insured to adjust losses, the representative acted independently in adjusting the loss in question and in rejecting the claim of the plaintiff and advised the defendant that it had so acted; that in rejecting the claim it wrote to the plaintiff stating that it, the representative, must decline to pay the claim; that in correspondence between the defendant and the consignor of the goods, the defendant referred to the corporation on which service was made as its representative in New York, and that on at least one occasion said representative paid a loss in behalf of the defendant by its own check.

APPEAL by the plaintiffs, Einar Henriques and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of June, 1922, granting defendant's motion to set aside the service of the summons upon a Delaware corporation known as Funch, Edye & Co., Inc., claimed by plaintiffs to be the managing agent of defendant.

*Chadbourne, Hunt & Jaeckel* [*Frederick J. Ward* of counsel; *J. Ralph Hilton* and *W. Mills Hinkle* with him on the brief], for the appellants.

*Burlingham, Veeder, Masten & Fearey* [*John L. Galey* of counsel], for the respondent.

MERRELL, J.:

The Delaware corporation of Funch, Edye & Co., Inc., at the time of the service of the summons herein, maintained an office for the transaction of business at 25 Broadway, New York city. The sole question involved upon this appeal is as to whether the corporation served was, at the time of such service, the managing agent of the defendant corporation within the State upon whom personal service of the summons could be made. It is also the claim of the respondent that it was not, at the time of such service, doing business within the State of New York within the provisions of section 47 of the General Corporation Law (as added by Laws of 1920, chap. 916).*

The action was to recover upon a policy of marine insurance issued by the defendant covering a shipment of 2,000 bundles of salted calf skins consigned by A. Magnus & Company of Gothenburg, Sweden, to Carl Schmidt & Company, Inc., of Detroit, Mich., the other plaintiff. The general business of the defendant, which had its principal office in the city of Gothenburg, Sweden, was the writing of policies of insurance on vessels and freightage carried thereon and consigned to various ports throughout the world. The defendant was not licensed to do business in the State

---

* Formerly Code Civ. Proc. § 1780. — [REP.

of New York, and maintained no branch office in the city of New York.  However, for the purpose of facilitating the settlement of losses and damage occurring to vessels and merchandise insured under policies issued by it, the defendant appointed at different places where the goods insured might be landed, agents, specifying on the policies which they issued a list of agents located at various points.  Thus, on the policy insuring the goods in question issued by the defendant there appeared the following indorsement:

" In case of claim under this policy, proofs of loss must be certified by agents and underwriters, names and addresses of which are given at foot hereof, who must be represented on surveys and approve all . bills as otherwise they will not be allowed by this Company.  *  *  *

" The agents are:

" (United States East Coast and neighboring Ports of Canada) Funch, Edye & Co. of New York."

The goods in question arrived in New York on the steamship *Bris* on or about May 25, 1920.  An inspection of the goods by the New York brokerage firm of Jules Star & Co., who negotiated the transaction between the Swedish firm and Carl Schmidt & Company, Inc., plaintiff, satisfied the brokers that the goods had been damaged in passage, and that the defendant was liable to the plaintiffs therefor under said policy.  Claim was made, pursuant to the directions indorsed upon the policy, upon Funch, Edye & Co., Inc., as the New York representatives of the defendant insurance company.  Said New York representatives thereupon assumed charge of the matter and appointed an appraisal firm in New York city, Messrs. Putnam & Worman, as marine surveyors and appraisers to inspect the merchandise and report thereon. Pursuant thereto said appraisers undertook the examination of the goods and it was thereafter agreed between the broker, the defendant's New York representative, Funch, Edye & Co., Inc., and the surveyors and appraisers, that the merchandise should be shipped to Detroit and there separated, inspected and appraised and a schedule of allowance of damage made.  After the goods arrived at Detroit such examination and appraisal was had and a schedule agreed upon as to the amount of damage which the skins had suffered.  But, as the result of the examination, the New York representative of the defendant took the position that the defendant was not liable under its policy for the reason that the certificate of survey showed that the goods were not damaged by sea water and that, therefore, there was no liability on the part of the defendant under said policy.  Thereupon, Funch, Edye & Co., Inc., wrote the defendant as follows:

" Messrs. SJORFORSAKRINGS AKTIEBOLGET ' GAUTHIOD '
    " Gothenburg
        " Sweden:     " S. S. ' Bris '

" DEAR SIRS.— We beg to acknowledge receipt of your favor of June 14th, relative to 200 (*sic*) salted calf skins insured under your policy No. 928, dated Gothenburg 26th of April, 1920, shipped by A. Magnus & Co., Gothenburg.

" We beg to advise you that we have received from Messrs. Putnam & Worman, report of survey on this importation and herewith beg to hand you copy of same.   The Receivers, Messrs. Jules Star & Co. have handed us claim on same in the amount of $37,435.75.   We therefore await your instructions in this matter, and remain

                         " Yours very truly,
                              " FUNCH, EDYE & CO., INC.
" RG /S

" P. S. We beg to advise you that inasmuch as certificate of survey shows that the goods were not damaged by seawater we have notified Messrs. Jules Star & Co. that the Insurance Company cannot be held responsible for the damage, and that we cannot pay claim in question.

                         " F. E. & CO. INC."


And in reply thereto the defendant wrote its New York representative as follows:

" Haveriadfelningen                    Goteborg den 29th July,
                                           " 1920

" Messrs. FUNCH, EDYE & Co.,
    " 8–10 Bridge Street,
        " New York
                    " S. S. ' Bris '

" DEAR SIRS.— In receipt of your favor of the 12th inst. together with report of survey we have made a thorough examination of same.

" We note that you have informed Messrs. Jules Star & Co. that as the goods were not damaged by seawater the Insurance Company cannot be held responsible and ask you to keep up this position.

" We now await with interest you valued news.
                    " Yours faithfully,
" J /KA          SJORFORSAKRINGS AKTIEBOLGET."


Thereafter, on September 27, 1920, Funch, Edye & Co., Inc., wrote the defendant as follows:

" *September 27th*, 1920

" Messrs. SJORFORSAKRINGS AKTIEBOLGET ' GAUTHIOD '
    " Gothenburg
        " Sweden:

S. S. ' Bris '

" DEAR SIRS.— We are in due receipt of your favor of the 29th of July and in accordance with your instructions we have continued to take the position that you are not responsible for the damage to the goods per this steamer.   Not having heard anything further from Jules Star & Co. we hope that they have abandoned their claim and that the matter is disposed of.

" We now beg to hand you bill of our Appraisers Messrs. Putnam & Worman, amounting to $191.40 for which kindly send us your check and if agreeable to you, you may include a fee to us of $50.00 for our services.    " Yours very truly,

" FUNCH, EDYE & CO., INC.,
" CH /RG                      Per ——————."

On July 12, 1920, Funch, Edye & Co., Inc., wrote the broker who negotiated the transaction, and who made claim upon the defendant under said policy, to the effect that the damage to the skins had not been caused by sea water but by exposure before shipment and that " Under the circumstances, we must therefore decline to pay your claim in behalf of the Gauthiod Insurance Co."

We are of the opinion that the correspondence appearing by the affidavits used upon this motion clearly reveals, not only that the defendant was doing business at the time in question within the State of New York, but that within the provisions of section 229 of the Civil Practice Act,* Funch, Edye & Co., Inc., was acting as managing agent of the defendant within this State.

On October 23, 1920, the defendant wrote A. Magnus & Co., Gothenburg, with reference to the claim for damages that " This damage was reported to us before by our representatives in New York, Messrs. Funch, Edye & Co.," and that about fourteen days prior thereto defendant had received a communication " from our above named representatives," and, finally, " we will consequently at our first opportunity undertake a careful revisal and when necessary confer with our New York representatives."   And in another letter defendant wrote A. Magnus & Co., with reference to the survey report of damage made " at the request of our representatives, Messrs. Funch, Edye & Co., New York."   Not only did the defendant designate Funch, Edye & Co., Inc., as its

* Formerly Code Civ. Proc. § 432.— [REP.

representative on the policy of insurance in question, but throughout its correspondence with reference to the loss it refers to Funch, Edye & Co., Inc., as its New York representative.    While it is true that the defendant did not issue policies of insurance in New York and such policies were not negotiated by its said New York representatives, nevertheless, where loss occurred its New York representatives were charged with the very important duty of adjusting the same and, at least with reference to one previous loss, the affidavits upon the motion disclosed that Funch, Edye & Co., Inc., paid the loss in behalf of the defendant by its own check. The letter from Funch, Edye & Co., Inc., addressed to the defendant with reference to this loss proves beyond doubt that the defendant was in fact transacting an important part of its business in New York, namely, the adjustment of the loss, and that Funch, Edye & Co., Inc., were acting as defendant's agents in that respect.    The postscript contained in the letter to the defendant from Funch, Edye & Co., Inc., of July 12, 1920, was as follows:

" P. S.    We beg to advise you that inasmuch as certificate of survey shows that the goods were not damaged by seawater we have notified Messrs. Jules Star & Co. that the Insurance Company cannot be held responsible for the damage, *and that we cannot pay claim in question."*    (Italics are the writer's.)

This letter was acknowledged July 29, 1920, by letter in which defendant apparently ratified the acts of its agent in rejecting plaintiff's claim under the policy.    The letter of September 27, 1920, from Funch, Edye & Co., Inc., to the defendant fully proves that it was acting as defendant's agent in New York and was claiming pay therefor which it afterward received.

Under these circumstances we think the defendant was doing business within the State of New York at the time of the service of process, and that the corporation of Funch, Edye & Co., Inc., was its managing agent within this State, and that service of the summons upon such agent was sufficient to bind defendant. The papers upon appeal clearly show that Funch, Edye & Co., Inc., acted independently in the matter and in the exercise of its discretion undertook to adjust this claim and rejected the same in behalf of the defendant.    While there is no precise test of the nature or extent of business required to be done by a foreign corporation to make it amenable to process in this State, all that is requisite to be shown is that the defendant is actually transacting business here " with a fair measure of permanence and continuity." (*Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259.)    We are of the opinion that under the decisions the defendant was doing business in the State of New York, and that Funch, Edye & Co., Inc., was

14   Boyshform Brassiere Co., Inc., v. Modishform B. Co., Inc.

First Department, April, 1923.                    [Vol. 205

its representative. (*Pomeroy* v. *Hocking Valley R. Co.*, 218 N. Y. 530; *Blasius* v. *Hartford Fire Ins. Co.*, 187 App. Div. 347; *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259.) We think, therefore, that the service upon the defendant was good, and that the order setting aside the same should be reversed, with ten dollars costs and disbursements, and the defendant's motion denied, with ten dollars costs.

Dowling, Page, Finch and McAvoy, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.