LENA BECKER and Another, Respondents, *v.* THE EAST ASIATIC COMPANY, LTD., Appellant, and BALTIC AMERICAN LINE, Defendant.

Supreme Court, Appellate Term, First Department, January 29, 1932.

*Nordlinger & Riegelman* [*H. H. Nordlinger* and *David B. Lefkowitz* of counsel], for the appellant.

*J. A. Gettenberg* [*Bernard Braun* of counsel], for the respondents.

PER CURIAM. We are of the opinion that the language of section 289 of the Civil Practice Act is sufficiently broad to permit the examination before trial of a party by examining a corporate managing agent thereof through a designated officer of the latter. The question, although raised, was not decided in *Blasius* v. *Hartford Fire Ins. Co.* (187 App. Div. 347), but in *Henriques* v. *Gauthiod Marine Ins. Co., Ltd.* (205 id. 8), the same court (Appellate Division, First Department) upheld service of a summons on a corporate defendant where the summons had been delivered to the treasurer

of another corporation acting as managing agent of defendant. Similar service was also upheld in *Appelby* v. *Insurance Office of Australia* (119 Misc. 378). While, of course, the context used in connection with the term " managing agent " in section 229 of the Civil Practice Act is different from that in section 289 of the Civil Practice Act, we think the purpose was to include corporate managing agents in both sections. It was a matter of common knowledge that foreign corporations were frequently represented by corporate managing agents. Therefore, when the Legislature used the broad designation " managing agents " to denote who might be examined, its mandate should not be restricted to individuals acting as such agents. That section 289 refers to the taking of " the testimony " of such managing agents does not require a contrary interpretation. The phrase was used to carry out the general purpose of the section. It does not necessarily indicate a limitation of the class of " managing agents " to an individual agent merely because corporations cannot be sworn as witnesses. The language should be interpreted to mean that such corporate managing agents are to be examined through those officers who ordinarily have the power to act and speak for a corporation and may be sworn as witnesses.

That there was a prior examination of the agent as a party should not bar the present examination of the new defendant on an amended complaint as the question of the appellant's control could not have been at issue before.

Order affirmed, with ten dollars costs and disbursements.

All concur; present, LEVY, CALLAHAN and UNTERMYER, JJ.