Richards & Coffey, of Buffalo, N. Y. appearing specially for said respondent's motion.

Desmond & Drury, of Buffalo, N. Y., for libelant.

## MILLER v. THE SULTANA et al.

### No. 2194.

United States District Court
W. D. New York.

May 5, 1948.

KNIGHT, District Judge.

On March 4, 1948, a Deputy United States Marshal served upon Adam E. Cornelius, Jr., a copartner of the firm of Boland & Cornelius, at his office in Buffalo, N. Y., a warrant of monition and a copy of the libel in this action.

Libelant urges that said Cornelius, at time of service, was managing agent for respondent Browning Steamship Company and relies on section 229 of New York Civil Practice Act. which provides in part as follows:

"Personal service of the summons upon a foreign corporation must be made by de-

878

livering a copy thereof, within the state, as follows:

\* \* \* \* \* \*

"3. To the cashier, a director or a managing agent of the corporation, within the state, if service cannot be effected under subdivision two of this section, or an officer of the corporation specified in subdivision one of this section, with due diligence, cannot be found within the state."

The libel alleges that respondent Browning Steamship Company is a Michigan corporation. This is not denied.

It has been held: "Service of monition in admiralty may be made under the provisions of a state statute regulating the mode of service in actions at law and in equity." Doe v. Springfield Boiler & Mfg. Co., 9· Cir., 104 F. 684, 686. See also Spreckels Sugar Co. v. South Atlantic S. S. Line, D.C.S.D.Ga., 55 F.Supp. 670, 672; Insurance Co. of North America v. Frederick Leyland & Co., D.C.E.D.Pa. 139 F. 67; Goetz v. Interlake S. S. Co., D.C.S.D. N.Y., 47 F.2d 753, 757; Jenkins v. Lykes Bros. S. S. Co., D.C.E.D.Pa., 48 F.Supp. 848.

This law is not questioned by respondent, which urges that said Cornelius, when the warrant of monition was served upon him, was not its "managing agent." This is the question which must now be answered. "The agency relationship must exist at the time of the service." Spreckels Sugar Co. v. South Atlantic S. S. Line, D.C.S.D.Ga., 55 F.Supp. 670, 672; Johnson v. Black Diamond Lines, D.C.E.D.Pa., 36 F.Supp. 721, 722; Sasnett v. Iowa State Traveling Men's Ass'n, 8 Cir., 90 F.2d 514, 516.

Respondent, in support of its motion, has submitted two affidavits, to wit, of John J. Boland, a member of the firm of Boland & Cornelius, and of Alexander MacLennan, acting treasurer of T. H. Browning Steamship Company, Inc.

Boland alleges: "That (he) is not acquainted with Browning Steamship Co., but is acquainted with T. H. Browning Steamship Co., Inc. (whose office and place of business) is at Detroit, Michigan \* \* \*. That on March 4, 1948, and at no time since said date was the firm of Boland &

Cornelius, or any of the partners thereof, a managing or general agent of T. H. Browning Steamship Co., Inc. and neither \* \* \* was said firm \* \* \* or any of its partners an agent of T. H. Browning Steamship Co., Inc., authorized by appointment or by law to receive service of process for T. H. Browning Steamship Co., Inc. That the only agency relation of any kind that has existed between T. H. Browning Steamship Co., Inc. and the firm of Boland & Cornelius and its partners, has been that during the seasons of navigation since about September 1945 when said Company began business, the firm of Boland & Cornelius has acted as loading and unloading agents for said Company for vessels operated by it when they have been at the Port of Buffalo, and that it has acted as broker in negotiating for cargoes and chartering of vessels operated by said Company for cargo; that the duties of said firm as loading and unloading agents have been duties in connection with the dispatch of vessels and collecting and remitting freights."

MacLennan alleges "that the T. H. Browning Steamship Company, Inc. does not and did not in the past maintain any office, agent or agency within the State of New York \* \* \* nor has it engaged in the conduct of business nor is it qualified to carry on business in the State of New York and is not engaged in the conduct of business within the State of New York; that in the operation of chartered vessels on the Great Lakes in interstate commerce \* \* \* Boland & Cornelius, with offices in \* \* \* Buffalo, New York, have on occasions during the season of navigation, which is customarily from April 15 to November 30, acted as loading and unloading agents for said company for vessels operated by it when they have been, at the port of Buffalo, New York, and the said co-partnership has likewise acted on occasions as brokers in negotiating for cargoes and chartering of vessels operated by said company for cargoes; the duties of the said co-partnership being restricted to that of loading and unloading agents, the dispatching of the company's chartered vessels and sometimes in the collecting and remitting of freight moneys; that this is a customary practice in the operations on the

Great Lakes and other persons have similarly acted for said company in other ports on the Great Lakes * * * that said T. H. Browning Steamship Company, Inc., has never at any time appointed the said Boland & Cornelius as a managing or general agent of the T. H. Browning Steamship Company, Inc., nor has said firm * * * or any of its partners been appointed or authorized to receive service of process for said T. H. Browning Steamship Company, Inc., nor were they so authorized on March 4, 1948."

Libelant has submitted no opposing affidavit.

In Cohen v. American Window Glass Co., D.C.S.D.N.Y., 41 F.Supp. 48, 49, 50, it is said:

"The general rule is well stated in Taylor v. Granite State Provident Ass'n, 136 N.Y. 343, 32 N.E. 992, 993, 32 Am.St.Rep. 749, where the court said: 'A managing agent must be some person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity, and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it' ".

In United States Merchants' & Shippers' Ins. Co. v. Elder Dempster & Co., 2 Cir., 62 F.2d 59, at page 60, cited by libelant, which held that a person advertised by foreign corporation as having charge of its New York ship agency was the corporation's "managing agent" under section 229 of New York Civil Practice Act, the court said:

"O'Brien, J.'s language in Taylor v. Granite State Provident Ass'n, 136 N.Y. 343, 346, 32 N.E. 992, 993, 32 Am.St.Rep. 749, that a managing agent must have 'general powers * * * of judgment and discretion,' has been often quoted as though it were a definition, though in some cases it is hard to find that the agent had very much of either."

Libelant further cites the following four decisions: Coler et al. v. Pittsburgh Bridge Co., 146 N.Y. 281, at page 283, 40 N.E. 779, 780, which held that the person there served with a summons was not the managing agent but voiced the dictum that the term included "any person holding some responsible and representative relation to the company."

Jackson v. Schuylkill Silk Mills, 92 Misc. 442, at page 446, 156 N.Y.S. 219, 221, where the court held that "Roach, the 'general sales manager' of the defendant, subject to the direction and control of the home office in Pennsylvania, managed the sales of the defendant in the state of New York, and hired and discharged its traveling salesmen, and had general charge of its business or affairs in this state. This made him "a managing agent.' "

Henriques v. Gauthiod Marine Ins. Co., Ltd., 205 App.Div. 8, 199 N.Y.S. 131, which held that an insurance corporation that adjusted a claim against defendant under a policy of marine insurance was its managing agent.

Tuchband v. Chicago & A. R. Co., 115 N.Y. 437, at page 440, 22 N.E. 360, 361, which held that "where a corporation created by the laws of any other state does business in this state, the person who, as its agent, does that business should be considered its managing agent; and more especially should that be so where the foreign corporation has an office or place of business in this state, and when that office is in charge of that person, and he there acts for the corporation. He is there doing business for it, and so manages its business. Such person is, in every sense of the words used in the statute, 'a managing agent.' "

In Yeckes-Eichenbaum, Inc., v. McCarthy, 290 N.Y. 437, at page 444, 49 N.E.2d 517, 520, the New York Court of Appeals, citing Taylor v. Granite State Provident Ass'n, 136 N.Y. 343, 32 N.E. 992, 32 Am. St. Rep. 749, supra, held: "The plaintiff was required to show not only that the defendants were doing a substantial part of their business in New York * * *, but that the agent in charge was invested with general powers involving judgment and discretion * * *."

See also Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 268, 269, 115 N.E. 915; Holzer v. Dodge Brothers, 233 N.Y. 216, 221, 135 N.E. 268.

880

■ On the uncontroverted facts alleged in respondent's two moving affidavits it must be held that, on March 4, 1948, when the warrant of monition was personally served upon Adam E. Cornelius, Jr., he was not "a managing agent" of T. H. Browning Steamship Co., Inc., apparently sued under the name of Browning Steamship Company, within the meaning of section 229 of New York Civil Practice Act.

In Philadelphia & Reading Ry. Co. v. McKibbin, 243 U.S. 264, 265, 37 S.Ct. 280, 61 L.Ed. 710, Brandeis, J. said:

"A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there. And even if it is doing business within the state, the process will be valid only if served upon some authorized agent."

Respondent's motion to vacate and set aside service of the warrant of monition in this case is therefore granted.